F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BARTON LEE MURPHY,

    Defendant-Appellant.

No. 97-2191
(D.C. No. 96-225-JP/WWD)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.


    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.


    Acting *pro se*, Mr. Murphy appeals the district court's dismissal of his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion challenging the civil forfeiture of his property. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

Before going to prison, Mr. Murphy sold drugs. *United States v. Murphy*, No. 91-2251 (10th Cir. Aug. 13, 1992). After repeatedly selling to the wrong person (a government informant), he was convicted and sentenced to ten years in prison. *Id.* Mr. Murphy did not just lose his freedom as a result of his illegal activities, however; he also lost most, if not all, of his personal property.

Immediately after Mr. Murphy's arrest, the federal government filed a civil forfeiture complaint seeking to seize his home and all of its contents, including a number of automobiles. Mr. Murphy filed a claim to the property in district court and answered the government's complaint. Following his conviction, however, the government successfully moved for summary judgment in the civil proceeding. Mr. Murphy unsuccessfully moved for reconsideration of the summary judgment and failed to appeal the court's decision.[2]

---

[1] Mr. Murphy's motion to proceed *in forma pauperis* is granted.

[2] It appears from the record of a related proceeding in this court, *Murphy v. Brooks*, No. 97-1175, that Mr. Murphy failed to appeal the district court's decision in the civil forfeiture proceeding because he had escaped from prison and fled first to Florida and then to Mexico. *See also Murphy v. Perrill*, No. 96-1389 (10th Cir. March 5, 1997). As Mr. Murphy is hopefully learning, actions have consequences. One of the consequences of his escape is the loss of his

Almost four years later, Mr. Murphy filed a motion pursuant to 28 U.S.C. § 2255 seeking, among other things, to invalidate the forfeiture proceedings. Adopting the magistrate judge's recommendations, the district court dismissed the § 2255 motion. Mr. Murphy raises four issues in his appeal of this decision: (1) his criminal judgment collaterally estopped the government from pursuing civil forfeiture proceedings; (2) certain items were improperly included in the civil proceedings; (3) items he owned before the effective date of the forfeiture statute were improperly forfeited; and (4) the court should have construed his Federal Rule of Criminal Procedure 41(e) motion as a civil complaint. We review *de novo* a district court's legal rulings in a § 2255 proceeding. *See United States v. Cook*, 49 F.3d 663, 665 (10th Cir. 1995).

We need not reach the substance of Mr. Murphy's appeal because, as the magistrate judge correctly noted, the district court did not have jurisdiction to hear a challenge of the forfeiture proceedings.

Section 2255 provides a means whereby a federal prisoner may

claim[] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

_____

opportunity to appeal the forfeiture of his property.

-3-

> that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. This section simply does not apply to a challenge of a civil forfeiture, as Mr. Murphy suggests.

Furthermore, Mr. Murphy could not obtain jurisdiction to proceed before the district court pursuant to Fed. R. Crim. P. 41(e), as he claims, because the forfeiture took place in a prior, judicial civil proceeding. Fed. R. Crim. P. 41 does not apply to civil forfeitures of property. *See Floyd v. United States*, 860 F.2d 999, 1006-07 (10th Cir. 1988) (distinguishing that case from the situation where, as here, there was a civil forfeiture in a district court); *see also* Fed. R. Crim. P. 54(b)(5) (Fed. R. Crim. P. 41(e) is "not applicable to ... civil forfeiture of property for violation of a statute of the United States.")

The proper avenue to attack a civil forfeiture is by a direct appeal of the district court's decision in the forfeiture proceeding. Mr. Murphy chose not to file such an appeal in his case. Section 2255 and Fed. R. Crim. P. 41 do not operate to give him a second bite at that apple.

The decision of the district court is **AFFIRMED** and the appeal is

**DISMISSED**.

                                      **Entered for the Court**


                                      **WADE BRORBY**
United States Circuit Judge